to save it from dismissal, we deem it expedient to pass upon the assignment of error on the overruling of the company's motion for new trial. The special grounds of the motion need not be specifically dealt with, since each one ties in with the general grounds, and is more or less dependent upon what disposition is made of the latter. We have reached the conclusion that a new trial should have been granted on the general grounds, not only because no assent of the executor is shown, but for the reason that, even if it had been, the proof was such as to demand a finding that the company acquired a good title to what was contained in the conveyance from the executor to it. The plaintiff claims no title save such as he obtained from the will of his father. The defendant also claims under the father through a deed from his executor, dated April 30, 1942, executed pursuant to an order granted by the judge of the superior court of Monroe County. They thus claim under a common source of title. The executor had the right to sell this realty for certain purposes. The evidence shows that the purchase-money received by him is on deposit in bank, not having as yet been reinvested by him. The title of the purchaser is good, regardless of what becomes of the proceeds of the sale. *Guill* v. *Northern*, 67 *Ga.* 345; *White* v. *Cook*, 73 *Ga.* 164 (11). That less than the entire fee was sold makes no difference. *Regents of the University System* v. *Trust Company of Georgia*, 186 *Ga.* 498 (198 S. E. 345). The verdict was contrary to the evidence. It was error to refuse a new trial.

> *Judgment reversed. All the Justices concur.*

KING *v.* KING.

No. 14631.  SEPTEMBER 11, 1943.  REHEARING DENIED OCTOBER 8, 1943.

*Andrew A. Baumstark* and *Noah J. Stone*, for plaintiff in error. *T. J. Lewis* and *Harry M. Wengrow*, contra.